UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CV-209-BR

| | |
|---|---|
| TATYANA T. IVANOVA-NIKOLOVA, PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| EAST CAROLINA UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 18 July 2011 motion for a new trial (DE # 60) filed by plaintiff Tatyana T. Ivanova-Nikolova ("plaintiff"). Defendant East Carolina University ("ECU") filed a response on 19 July 2011. The motion is now ripe for disposition.

Pursuant to Federal Rule of Civil Procedure 59(a)(1), a "new trial" can be held "after a jury trial" or "after a nonjury trial[.]" Fed. R. Civ. P. 59(a)(1)(A), (B). A trial was not held in this case; rather, the court granted ECU's motion for summary judgment on 17 June 2011. As a result, Rule 59(a)(1) is inapplicable. See Stewart v. Avaya, Inc., No. 5:06-CV-232-F, 2008 WL 4296557, at *4 (E.D.N.C. Sept. 19, 2008).

Out of an abundance of caution, the court will assume that the *pro se* plaintiff intended to file her motion pursuant to Federal Rule of Civil Procedure 59(e). This rule permits a court to alter or amend a judgment, but the motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, plaintiff filed her motion 31 days after the entry of judgment, and thus she may not proceed under Rule 59(e). See Smith v. Branker, No. 5:09-HC-2082-D, 2011 WL 2133599, at *2 (E.D.N.C. May 27, 2011).

Even if plaintiff had filed her motion in a timely manner, a Rule 59(e) motion "need not

be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010); see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). In addition, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation and internal quotation marks omitted). The court concludes that plaintiff has not satisfied any of the Rule 59(e) criteria. Instead, she is attempting to relitigate the same issues that have already been decided.

Accordingly, plaintiff's motion is DENIED.

This 9 August 2011.

_____
W. Earl Britt
Senior U.S. District Judge